**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

GLADYS PEREZ,

                Plaintiff,

        v.                                                No. 1:15-CV-240

JACK WALLACE,                                          (GTS/CFH)

                Defendant.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                             **OF COUNSEL:**

Gladys Perez
63 Second Street, Unit 1
Waterford, New York 12188
Plaintiff pro se

City of Albany Corporation Counsel      VALERIE A. LUBANKO, ESQ.
City Hall                                              JOHN JOSEPH REILLY, ESQ.
24 Eagle Street
Albany, New York 12207

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se brings this action regarding a single car accident and her subsequent arrest which occurred in March 2014. Dkt No. 1 ("Compl.") at 8.[2] Presently pending before the Court is defendant Jack Wallace's motion to dismiss pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P") Rule 41(b). Dkt. No. 37. Plaintiff failed to file a response to

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y.L.R. 72.3 (c).

[2] The arrest did not result in any charges or incarceration. Compl. at 12.

that motion. For the reasons set forth below, it is recommended that defendant's motion to dismiss for failure to prosecute be granted.

## I. **Background** [3]

Plaintiff commenced this action on March 3, 2015 with the filing of a complaint and application to proceed in forma pauperis ("IFP"). Compl., Dkt. No. 2. On March 6, 2015, the Court issued a Report-Recommendation and Order which granted plaintiff's IFP application and recommended that (1) all claims against defendant Wallace in his official capacity be dismissed with prejudice; (2) all claims against defendant Albany Housing Authority be dismissed with prejudice; (3) the Fourth Amendment claim be dismissed without prejudice and with leave to amend; and (4) the assault, battery, and false arrest claims be dismissed without prejudice, and with leave to amend. Dkt. No. 4. Plaintiff did not file objections. On April 21, 2015, the District Court issued a Decision and Order adopting the Report-Recommendation and Order. Dkt. No. 6. That Decision and Order provided that plaintiff's Fourth Amendment claims and assault, battery and false arrest claims would be dismissed with prejudice and without further order of the Court unless, within thirty (30) days of the Decision and Order, plaintiff filed an amended complaint. Dkt. No. 6. Plaintiff failed to file an amended complaint.

On April 24, 2015, an Order was issued scheduling a Rule 16 conference for July 15, 2015. Dkt. No. 8. A copy of that Order was served on plaintiff by regular mail. Id. On July 2, 2015, the Court served a text reminder notice on all the parties regarding the Rule

---

[3] Any unpublished decisions cited within this Report–Recommendation and Order are attached hereto.

-2-

16 conference. Dkt. Entry dated July 2, 2015. Plaintiff failed to appear for that conference. Text Minute Entry dated July 15, 2015. On July 15, 2015, the undersigned issued a text order rescheduling the Rule 16 conference for August 11, 2015. Dkt. No. 29. A copy of that text order was served upon plaintiff by certified mail, return receipt requested, at the address which appears on the court docket. Id. That mail was returned to the Court marked "return to sender-unclaimed-unable to forward." Dkt. No. 31.

On August 7, 2015, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order With Simultaneous Separation and Remand. Dkt. No. 30. Plaintiff's claims against defendants General Motors, LLC, General Motors Holding, LLC, Delphi Automotive, PLC, DPH-DAS, LLC F/K/A/ Delphi Automotive Systems, LLC, and Goldstein Chrysler Jeep, Inc., were transferred to the Southern District of New York. Dkt No. 30. Plaintiff's claims against the City of Albany and defendant Wallace were remanded, pursuant to 28 U.S.C. § 1407 (a), to the Northern District of New York. Dkt No. 30 at 3.[4]

On August 11, 2015, a Rule 16 Conference was conducted. Plaintiff failed to appear for the Rule 16 Conference. Dkt. Entry dated August 11, 2015. Also on August 11, the Court issued a Uniform Pretrial Scheduling Order. Dkt. No. 32. That Order required, among other things, that each of the parties was to file a status report by November 20, 2015. Dkt. No. 32 at 10. Defendant filed his status report on November 20, 2015. Dkt. No. 34. Plaintiff failed to file a status report as directed by the Court.

On August 11, 2015, the undersigned issued a text order addressed to plaintiff's

---

[4] As plaintiff did not file an amended complaint in accordance with the Court's Decision and Order dated April 21, 2015, all claims against the City of Albany are dismissed. Dkt. No. 6. The only remaining defendant is patrolman Jack Wallace.

-3-

failure to attend two Rule 16 conferences. Dkt. No. 33. The text order provided that "plaintiff is advised that her failure to attend court conferences or to comply with court orders may result in the dismissal of her case for failure to prosecute." Id. A copy of that text order was served on plaintiff by regular mail. Id.

On November 23, 2015, the Court issued a text notice scheduling a conference for December 9, 2015. Dkt. No. 35. The parties were directed to appear in person for that conference. Id. The notice further provided that plaintiff was to immediately advise the Court if she was unable to appear in person for the conference. Id. A copy of that notice was served on plaintiff by regular mail. Id. Plaintiff failed to appear for that conference and did not notify the Court that she was unable to attend that conference in person. Id.

On December 9, 2015, the undersigned issued a text order setting a briefing schedule for defendant's Motion to Dismiss. Dkt No. 36. Defendant was ordered to file the Motion to Dismiss by December 31, 2015. Id. Plaintiff's response was due by January 9, 2016, with any reply to be filed by January 19, 2016. Id. The text order again advised plaintiff that failure to attend court conferences and/or to comply with court orders may result in dismissal of this action for failure to prosecute. Id.

On December 31, 2015, defendant filed a Motion to Dismiss for failure to prosecute and comply with a court order pursuant to Fed. R. Civ. P 41 (b). Dkt. No. 37. Plaintiff was ordered to file any response to that motion by January 12, 2016. Id. On January 6, 2016, the Court issued a notice which extended plaintiff's time to file a response to the pending motion until January 19, 2016. Dkt. Entry dated Jan. 6, 2016. A copy of that notice was served on plaintiff by regular mail. Id.

II. **Discussion**

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i] the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . ." See Link v. Wabash R.R. Co., 370 U.S. 626,629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d. Cir. 2014); see also N.D.N.Y.L.R. 41.2 (b). Since a Rule 41(b) dismissal "is a harsh remedy . . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d. Cir. 1996) (citation omitted). Further, where the plaintiff is proceeding pro se, "courts should be especially hesitant to dismiss for procedural deficiencies . . ." Spencer v. Doe, 139 F. 3d 107,112 (2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F. 3d 471, 477 (2d Cir. 2006). A determination of whether to dismiss an action pursuant to Rule 41 (b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order,
> (2) whether the plaintiff was on notice that failure to comply with result in dismissal,
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71,74 (2d Cir. 1994) (additional citations omitted).

A review of this case's procedural history shows that the complaint was filed on April 3, 2015. See Compl. As such, over one year has elapsed since the filing of this action, yet virtually no discovery has been conducted. A Rule 16 conference was scheduled for July 15, 2015. Dkt No. 8. Plaintiff failed to appear for that conference. Dkt. Entry dated July 15,

2015. A second Rule 16 conference was scheduled for August 11, 2015. Dkt. No. 29 Plaintiff again failed to appear for that conference. Dkt. Entry dated August 11, 2015. On August 11, 2015, the undersigned issued a text order which advised plaintiff that her failure to attend court conferences or comply with court orders may result in the dismissal of her case for failure to prosecute. Id. On December 9, 2015, the undersigned issued a text order which again advised plaintiff that failure to attend court conferences and/or to comply with court orders may result in dismissal of this action. Dkt. No. 36. Despite that warning, plaintiff failed to appear for the conference schedule for December 9, 2015. In view of the foregoing, it is clear that plaintiff has repeatedly been advised that failure to comply with the Court's orders may result in dismissal of this matter.

As a result of plaintiff's failure to participate in discovery and her refusal to attend court conferences, defendant has been denied access to information which he needs to prepare his defense in this matter. See Shannon v. Gen. Elec. Co., 186 F.3d 186,195 (2d Cir. 1990). In addition, it appears the address at which plaintiff provided to the Court is no longer valid, as mail sent to plaintiff at that address has been returned as undeliverable. Dkt. Nos. 31 and 38. However, plaintiff has failed to meet her duty to provide this Court with an updated address. Plaintiff's continuing failure to comply with court orders and participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's congestion.

The final consideration in determining whether to dismiss plaintiff's action for failure to prosecute is assessing whether there is a sanction less drastic than dismissal. See Lucas, 84 F.3d at 535. The Court is aware that dismissal is a particularly harsh remedy, especially when invoked against a pro se plaintiff. Salahuddin v. Harris, 782 F. 2d

-6-

1127,1132 (2d Cir. 1986); <u>Sec. and Exch. Comm'n v. Research Automation Corp.</u>, 521 F.2d 585,588-89 (2d Cir. 1975). Mindful of the principles of law pronounced above, the undersigned finds that the imposition of a lesser sanction would have no effect on plaintiff or this litigation which has been pending since March 3, 2015.  <u>See</u> Dkt. No. 1.  The Court reaches this conclusion based on plaintiff's failure to provide the Court with a viable address for the service of court orders, refusal to participate in discovery, and plaintiff's continuing failure to comply with court orders and appear for scheduled court proceedings.

### III.  **Conclusion**

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED** that defendant Jack Wallace's motion to dismiss plaintiff's complaint (Dkt. No. 37) pursuant to Fed. R. Civ. P. 41(b) be **GRANTED**, and that the complaint be **DISMISSED in its entirety with prejudice**; and it is

**ORDERED** that the Clerk of the Court serve this Report-Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993)(citing <u>Small v. Secretary of Health and Human Services</u>, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: April 11, 2016
       Albany, New York

/s/ Christian F. Hummel
Christian F. Hummel
U.S. Magistrate Judge